IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XUAN LIU,<br><br>                   Plaintiff,<br><br>     v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>                 Defendants. | Civil Action No.: 25-cv-13799<br><br>Honorable Judge Matthew F. Kennelly<br><br>Magistrate Judge Keri L. Holleb Hotaling |

### DECLARATION OF GE (LINDA) LEI

I, Ge (Linda) Lei, hereby declare, and state as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am the attorney for Plaintiff. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows. I am submitting this Declaration in Support of Plaintiff's Motion for *Ex Parte* Temporary Restraining Order.

2. **Exhibit A** to Plaintiff's Amended Complaint contains the true and correct registration of Plaintiff's Copyright VA 2-444-503 ("Plaintiff's Copyright").

3. **Exhibits B.1** to Plaintiff's Amended Complaint contains true and correct comparison chart showing Plaintiff's Copyright and Defendants' Infringing Products.

4. **Exhibits B.2-B.5** contains true and correct screen captures of Defendants' listing pages and showing Defendants standing ready, willing, and able to sell and ship

Infringing Products to Illinois. Further, **Exhibits B.2-B.5** contains true and correct order confirmations from selected Defendants for test buy purchases.

5. **Exhibit C** to Plaintiff's Amended Complaint contains true and correct screenshots of research regarding the seller aliases identities.

6. **Exhibit D** to Plaintiff's Amended Complaint contains a true and correct publication of "Alibaba, Amazon, and Counterfeiting in the Age of the Internet" by Daniel C.K. Chow.

7. **Exhibit E** to Plaintiff's Amended Complaint contains true and correct publications by the U.S. Department of Homeland Security.

8. **Exhibits A** to Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order contains true and correct screenshots of information and pages on sellerdefense.cn.

9. I am an experienced attorney in online infringement and counterfeiting cases.

### SELLER ALIAS AND FICTITOUS INFORMATION

10. In my experience, seller aliases – appearing like Defendants in this case - have the ability to – and do - create multiple seller aliases.

11. As seen in **Exhibit A** to Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order, and based on my previous experience and other aliases' discovery, many seller aliases utilize chat rooms and websites like sellerdefense.cn to spot oncoming lawsuits, avoid infringement, and engage in other activities, such as coordination, before appearing in a lawsuit.

12. I have experience in several cases that have appeared on sellerdefense.cn. In some instances, all the website needs is the name of an individual, blogging to warn aliases

2

by guessing which intellectual property is at issue based on the name of the plaintiff. In some cases, I have experienced aliases appearing in a sealed case before even being served with notice of the lawsuit.

13. Based on my experience, the names and addresses (if listed) on a marketplace platform by a foreign alias are generally fictitious in nature.

14. Upon information and belief, Defendants have utilized Walmart and likely other marketplace platforms through a desire to remain anonymous to evade Plaintiff's attempts to police its intellectual property rights and the authority of this Court.

15. For example, in general, I have researched many seller alias names and corresponding addresses (if any) from many cases. In the vast majority of these instances, the listed names do not correspond to any real or identifiable entity. Further, in the vast majority of these instances, the addresses do not even correspond to real, accurate entities.

16. In particular, based on the limited available information for Defendants, Defendants are operating out of the nation of China or other foreign jurisdiction. Based on my research, the seller aliases list fictitious addresses that Google does not return a reliable business entity/name corresponding to the seller alias names, respectively. *See* **Exhibit C** to Plaintiff's Amended Complaint.

17. In general, for example, in my experience, seller aliases that do appear will generally submit a declaration from an individual or entity that does not correspond or match the information found on third party discovery relating to that alias.

18. Based on my experience, the email addresses linked to the aliases appears to be one of the only – if not the only – accurate contact information provided by the creator of

3

the aliases. It is my understanding that the email address must be accurate for the aliases to continue operation and link to their financial account on the platform, and as a result, must be maintained and monitored by the registrants of these aliases.

**MANIPULATION OF DATA AND ASINS/WEBPAGES UPON NOTICE**

19. I experienced aliases manipulating data, ASINs, and webpages upon notice of a lawsuit. For example, I have witnessed aliases submitting product listing pages which detailed a Date First Available in an attempt to improperly invalidate a patent under 35 USC 102/103. However, the original infringing evidence submitted to the Court by the plaintiff for the respective aliases had either no Date First Available listed or a different Date First Available listed. This suggests Defendants have to ability to quickly and easily change important data, including but not limited to titles, descriptions, images, videos, Dates First Available, and other product listing details upon notice of a lawsuit – and even after in some cases.

20. Again, for example, in one particular case, I provided a detailed comparison of a large number of seller aliases' listing pages before and after a TRO was entered. The comparison revealed most – if not all - aliases deleted evidence and/or changed significant aspects of their listing, including titles, Date First Available, and even the images (where copyright images were at issue), upon notice of the lawsuit.

21. Again, for example, in one particular case, I experienced an alias subject to a Preliminary Injunction Order appear to transfer its URL to a different alias. In that instance, a URL linked to a specific ASIN and product for a particular alias. However, thereafter, the URL remained active, appearing nearly identical, but listed a different alias as the seller.

4

22. Again, for example, in one particulate case, I experienced many seller aliases subject to a Preliminary Injunction Order appear to create dozens of new webpages and ASINs to continue selling products identical or substantially similar to the infringing products at issue.

**DEFENDANTS WILL TRANSFER ALL ASSETS AND DEFAULT UPON NOTICE**

23. Based on my experience in cases that have been denied a TRO and/or asset freeze, the vast majority of aliases have defaulted, where little to no damages can be collected from them to satisfy the court's final order. It is presumed the aliases drained their account upon notice, simply creating a new alias.

24. As described above, seller aliases like Defendants can quickly and easily make new seller aliases. In my opinion, and based on years of experience, without an asset freeze prior to notice, seller aliases – like Defendants – are simply inclined to default, facing no consequences, and create new seller aliases for their continued infringement and counterfeiting.

25. For example, in one particular lawsuit, I experienced one alias, who was active in the lawsuit, be removed from an injunction and asset freeze based mainly on a procedural argument. Shortly thereafter, the attorney of record for the alias withdrew, and the alias has not participated in the lawsuit since. It is presumed the financial account has been drained, and the alias will default with little to no compensation available for the plaintiff.

**OTHER ATTORNEY EXPERIENCE**

26. **Exhibit B** to Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order contains a true and correct Declaration of Stanley D. Ference III

5

submitted in *Toka, LLC v. Milesstore, et al*. (Case No. 25-cv-593) (W.D. Pa.) (ECF 18-1). Atty. Ference III provides excellent detail into further personal experience, along with other attorneys' personal experience, in dealing with seller aliases – like Defendants. This information appears to corroborate and confirm my personal experiences with seller aliases.

27. **Exhibit C** to Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order contains a true and correct Declaration of Justin R. Gaudio submitted in *Universal City Studios LLC v. DPDC Expresshub* (Case No. 25-cv-07492) (N.D. Ill.) (ECF 22). Atty. Gaudio provides excellent detail into further personal experience in dealing with seller aliases – like Defendants – and their respective operations, addresses, and emails.

**ENTRY OF A TEMPORARY RESTRAINING ORDER**

28. I, or someone acting under my direction, has reviewed **Exhibits B.1-B.5** to Plaintiff's Amended Complaint and am of the opinion that Defendants infringe Plaintiff's Copyright.

29. In preparation for the filing of this Motion, I have reviewed numerous cases from this, and other, Districts involving online infringement through online marketplaces such as Amazon.com, eBay.com, and Walmart among others. Many of the plaintiffs in these cases have sought and been granted an *ex parte* restraining order and asset freeze in order to stop infringers from simply relocating their ill-gotten funds.

30. Pursuant to entry of the TRO and subsequent PI, Plaintiff will contact Amazon.com or other marketplaces, to restrain accounts associated with the Defendant Internet Store(s).

6

31. As soon as each third party confirms the TRO, including asset restraint, has been implemented, and provided Plaintiff with corresponding contact information, Plaintiff will take swift action to serve Defendants via their corresponding email(s) and unseal any necessary, sealed documents.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on the 20th day of November 2025, in Chicago, IL, United States.

Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei