IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XUAN LIU,<br><br>                Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>                Defendants. | Civil Action No.: 25-cv-13799<br><br>Honorable Judge Matthew F. Kennelly<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION ORDER**

Plaintiff, Xuan Liu ("Plaintiff"), by and through his counsel, submits this Memorandum in support of his Motion for Preliminary Injunction Order (the "Motion") against the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A to Plaintiff's Amended Complaint ("Defendants").

I.     STATEMENT OF FACTS

Plaintiff is the author and owner of the federally registered copyright VA 2-444-503 ("Plaintiff's Copyright"). *See* Exhibit A to Plaintiff's Amended Complaint. Plaintiff is an individual residing in Maoming City, China, who is an accomplished designer and visual artist with formal academic training in design. *See* Declaration of Xuan Liu at ¶ ¶ 2-3 to Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order. Plaintiff spent significant time and resources on creating, designing, advertising, and otherwise promoting Plaintiff's Copyright and products thereof. *Id*. at ¶ ¶ 9-12. Overtime, Plaintiff's Copyright has gained gradual

1

recognition for its distinctive elements, design, and features, attracting attention in the marketplace. *Id*. at ¶ 15. Plaintiff's business involving products embodying Plaintiff's Copyright has experienced steady growth. *Id*. at ¶ 17. As a result of the gradual recognition, advertising, and goodwill associated with the Plaintiff's Copyright, Plaintiff's Copyright has become an invaluable asset of Plaintiff and likely led to Defendants' decision to also sell products under or embodying Plaintiff's Copyright.

Upon motion by Plaintiff, this Court entered an *ex parte* Temporary Restraining Order ("TRO Order") (Dkt. No. 22), including a temporary asset freeze and temporary injunction, against Defendants for their infringement of Plaintiff's Copyright. Here, Plaintiff respectfully requests that this Court convert the TRO Order into a Preliminary Injunction Order against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this litigation.

**II.    ARGUMENT**

To obtain a preliminary injunction, Plaintiff "must establish that: (1) it 'is likely to succeed on the merits'; (2) that it 'is likely to suffer irreparable harm in the absence of preliminary relief'; (3) 'that the balance of equities tips in [its] favor'; and (4) 'that an injunction is in the public interest.'" *EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 843 (N.D. Ill. 2011) (citations omitted).

Notably, "[c]ourts in this Circuit apply the same standards for granting a temporary restraining order and preliminary injunction." *Moss Holding Co. v. Fuller*, No. 20-cv-01043, 2020 U.S. Dist. LEXIS 39068, at *3 (N.D. Ill. Mar. 6, 2020); *See also Gray v. Orr*, 4 F. Supp. 3d 984, 989 n.2 (N.D. Ill. 2013). As such, Plaintiff incorporates by reference, as if fully set forth herein,

2

Plaintiff's Motion and Memorandum in Support of a Temporary Restraining Order. (Dkt. Nos. 17, 19).

Here, this Court should grant Plaintiff's Motion because this Court has already found the requirements for a preliminary injunction to be satisfied through entry of the TRO Order.

First, Plaintiff is likely to prevail on the merits of its Copyright Infringement Claim. Here, Plaintiff owns the registered copyright – Plaintiff's Copyright. *See* Exhibit A to Plaintiff's Amended Complaint. Further, Defendants' Infringing Products incorporate and copy Plaintiff's Copyright and are considered unlawful copies and/or derivatives, and are infringing uses of the distinctive creative content found in Plaintiff's Copyright. For example, Exhibit B.1 to Plaintiff's Amended Complaint provides a summary, comparison chart with screenshot evidence for Defendants' Infringing Products. Further, Exhibits B.2-B.5 to Plaintiff's Amended Complaint provide screenshot evidence that each Defendant affirmatively offers to sell and/or sells virtually identical products in the State of Illinois. As seen in the Comparison Chart, each Defendant copies constituent elements of the work that are original, including at least the central cross and location thereof, and in many instances, the exact same shape and design; the right sided pattern, including the specific shapes and sizes of compartments and outer shape and internal border design; and the left sided floral design, including use of the same types of floral design, design in between the floral designs, and in most instances, the exact position and/or size of the floral designs. *See* Exhibit B.1 to Plaintiff's Amended Complaint. Here, Defendants improperly appropriate protectable expression found in Plaintiff's Copyright. Defendants do not have authorization to create unlawful derivatives of Plaintiff's Copyright, copy Plaintiff's Copyright, or use the Plaintiff's Copyright in any other manner that infringes on Plaintiff's exclusive rights.

Second, Plaintiff will suffer irreparable injury absent a preliminary injunction order. As detailed in the Declaration of Xuan Liu, Defendants' unauthorized use of Plaintiff's Copyright has and continues to irreparable harm Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's and Plaintiff's Copyright reputation, loss of exclusivity, inability to realize a return on investment, loss of market share, and loss of future sales. Without the preliminary injunction order, Defendants will continue to offer infringing goods. Without such relief, Defendants will most likely simply close the accused internet stores and open new ones on the same or different platforms, as well as relocating their ill-gotten gains to different payment accounts or even relocating the funds to China. Defendants will continue to offer infringing goods of questionable value to its customers, continuing to cause Plaintiff to lose control of its copyright and creative content. Plaintiff has already expended substantial time and money in creating, advertising, and otherwise promoting products protected by Plaintiff's Copyright, and Plaintiff has lost significant goodwill, reputation, market share, and sales due to Defendant's infringing activity. *See generally* Declaration of Xuan Liu. Defendants continue to illegally erode the proper marketplace in which Plaintiff's Copyright products operate through direct competition on virtually identical, infringing goods in the same or similar channels of trade. *See e.g., Aria Diagnostics, Inc. v. Sequenom, Inc*., 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("'Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm'") (quoting *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012))); *Life Spine, Inc*., 8 F.4th at 546 (citing 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2948.1 (3d ed. 2002 & April 2021 Supp. ("Injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable.")); *Abbott Lab'ys*., 544 F.3d at 1362 (noting likelihood of loss of market position is

evidence of irreparable harm). Similarly, Defendants' flooding of the marketplace with infringing goods deters any reputable third party license.

Finally, the balancing of harms tips in Plaintiff's favor, and the public interest is served by entry of the preliminary injunction order. Defendants, as evidenced by virtually identical infringement and use of seller aliases, are knowing and intentional infringers. Indeed, "a court ought not reward a business built on an infringing product by allowing that infringement to continue in the face of a proper application for preliminary relief." *Advanced Communication Design, Inc. v. Premier Retail Networks, Inc*., 46 Fed. Appx. 964, 984-85 (Fed. Cir. 2002) (balance of harms favored preliminary injunctive relief in action for infringement of patent for apparatus that allowed multiple customers at music or video stores to simultaneously sample an audio or visual product at the store, despite claim that injunction would effectively put alleged infringer out of business; patentee had lost business, goodwill, and sales opportunities, and it was possible that alleged infringer had already benefitted at patentee's expense); *See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co*., 290 F.3d 578, 596 (3d Cir. 2002) ("[T]he injury a defendant might suffer if an injunction were imposed may be discounted by the fact that the defendant brought the injury upon itself") (citations omitted). Plaintiff has demonstrated a high likelihood of success on the merits. As such, the balance of equities weighs most heavily in favor of Plaintiff. Further, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by these fictitious, seller aliases' actions.

In sum, no substantial facts or circumstances relating to Defendants have changed since entry of the TRO Order – rendering all the same relief in the TRO Order still necessary. For the

same reasons this Court entered a TRO Order, Plaintiff respectfully submits that a Preliminary Injunction Order is warranted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter the proposed order, converting the relief in the TRO Order to a Preliminary Injunction Order.

DATED: December 19, 2025            Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*